107 P.3d 773 (2005)
STATE of Washington, Respondent,
v.
Sheldon Dwight EASTERLIN, Appellant.
No. 31238-7-II.
Court of Appeals of Washington, Division 2.
March 1, 2005.
Stephanie C. Cunningham, Attorney at Law, Seattle, WA, for Appellant.
Kathleen Proctor, Pierce County Prosecuting Atty. Office, Tacoma, WA, for Respondent.
HOUGHTON, J.
¶ 1 Sheldon Easterlin pleaded guilty to unlawful possession of a controlled substance with a firearm enhancement and second degree unlawful possession of a firearm. On appeal, he argues that (1) the trial court failed to ensure that he understood the nature and elements of the firearm enhancement and (2) the record does not contain sufficient facts to find a nexus between the weapon and the crime. We affirm.

FACTS
¶ 2 On October 6, 2003, the State charged Easterlin with unlawful possession of a controlled substance with a firearm enhancement *774 (count I)[1] and second degree unlawful possession of a firearm (count II).[2]
¶ 3 The declaration for determination of probable cause set forth the facts:
That in Pierce County, Washington, on or about the 4th day of October, 2003, the defendant SHELDON DWIGHT EASTERLIN, did possess cocaine and a firearm. He was armed with the firearm. On the above date at about 2:40 a.m., Tacoma Police responded to a call regarding a suspicious car. Police arrived to find the defendant asleep in the driver seat of the car. The defendant and car matched the description given. The defendant had a 9mm pistol in his lap. There was a loaded 9mm magazine on the seat next to him. Police recovered the gun and woke the defendant. Police arrested him for the firearm violation. He admitted that he was high on cocaine. Search incident to arrest found additional ammunition on the back floorboard. Booking search found rock cocaine (field test positive) in his sock.
Clerk's Papers (CP) at 3.
¶ 4 Easterlin pleaded guilty to both counts. In his statement of defendant on plea of guilty, he described the crimes in his own words: "on 10/4/03 in Washington State I possessed a controlled substance and I had a fire arm [sic] with me and I had previously been convicted of a felony." CP at 13. Further, the statement set forth the elements of these crimes: "[in] Washington State, on 10/4/03 [the defendant] did unlawfully possess a controlled substance, to wit: cocaine and [at] the time the defendant was armed with a firearm." CP at 7.
¶ 5 Before the trial court, Easterlin's counsel reported: "Mr. Easterlin tells me he understands all the elements of all three crimes [[3]] that he's pleading guilty to, tells me he understands the rights that he's giving up by making these pleas, tells me that nobody has made any threats or promises to get him to plead guilty today." Report of Proceedings (RP) at 4.
¶ 6 In its colloquy, the trial court inquired into Easterlin's understanding of the proceeding:
THE COURT: So you understand the crime [of unlawful possession of a controlled substance with a firearm enhancement] that you've been charged with in Count 1 ... ? Yes?
THE DEFENDANT: Yes, I do, ma'am.
THE COURT: You understand the elements of that crime that the State would have to prove if the case were to go to trial?
THE DEFENDANT: Yes.
THE COURT: And you understand the sentence that can be imposed by the Court on that case?
THE DEFENDANT: Yes.
THE COURT: ... I should say that the unlawful possession of a controlled substance was while armed with a firearm and adding additional time to the presumptive sentence.
THE DEFENDANT: Yes, I do, ma'am.
RP at 9-10.
¶ 7 Easterlin appeals.

ANALYSIS
¶ 8 To analyze Easterlin's claims, we examine whether the State must prove a nexus between the defendant, the weapon, and the crime when the defendant actually, rather than constructively, possessed the firearm.[4]
¶ 9 Former RCW 9.94A.510 (2002) authorized an enhanced sentence if the defendant was armed with a firearm during commission of the crime. A defendant is "armed" when a weapon is easily accessible and readily available for either offensive or defensive purposes. State v. Valdobinos, 122 *775 Wash.2d 270, 282, 858 P.2d 199 (1993). Further, the State must establish a nexus "between the defendant (or an accomplice) and the weapon, and the crime." State v. Schelin, 147 Wash.2d 562, 572, 55 P.3d 632 (2002) (plurality). While it is permissible, jury instructions need not explicitly set forth the nexus requirement.[5]State v. Willis, ___ Wash.2d ___, 103 P.3d 1213, 1217 (2005). Rather, the instructions are sufficient if they "inform[ ] the jury that it must find a relationship between the defendant, the crime, and the deadly weapon." Willis, 103 P.3d at 1217.
¶ 10 But Willis, Schelin, and Valdobinos all involved constructive possession. In a constructive possession case, the nexus test ensures that a defendant will not face a sentencing enhancement due to the incidental presence of a firearm. As noted in Schelin,"[if] an assault with a beer bottle occurs in a kitchen, a defendant is not necessarily `armed' with a deadly weapon because knives are kept in the kitchen." 147 Wash.2d at 570, 55 P.3d 632. When a defendant actually possesses a weapon during the commission of a crime, the protections of the nexus requirement become irrelevant.
¶ 11 Here, Easterlin pleaded guilty to the following elements of the crime: "[in] Washington State, on 10/4/03 [the defendant] did unlawfully possess a controlled substance, to wit: cocaine and [at] the time the defendant was armed with a firearm." CP at 7. Thus, Easterlin actually, rather than incidentally, possessed the gun while it was in his physical custody on his lap. The protections of the nexus requirement become redundant in an actual possession case.
¶ 12 Accordingly, the State need not prove a nexus between the defendant, the weapon, and the crime when the defendant actually possesses the firearm. Easterlin's argument fails.[6]
¶ 13 Affirmed.
We concur: BRIDGEWATER, J., and QUINN-BRINTNALL, C.J.
NOTES
[1] A violation of former RCW 69.50.401(d) (2002) and former RCW 9.94A.510 (2002).
[2] A violation of former RCW 9.41.040(1)(b) (2002).
[3] A third, unrelated matter was before the trial court. This matter is not before us on appeal.
[4] Although Easterlin claims that the nexus requirement applies, he does not differentiate between constructive and actual possession for purposes of the nexus analysis.
[5] Easterlin relies, in part, on our decision in State v. Holt, 119 Wash.App. 712, 82 P.3d 688 (2004). In Holt, we held that "as an element of the firearm enhancement, the nexus requirement must be set forth in the jury instructions." 119 Wash.App. at 728, 82 P.3d 688. Jury instructions that do not set forth the nexus requirement "essentially relieve[] the State of the burden of proving the nexus beyond a reasonable doubt." 119 Wash.App. at 728, 82 P.3d 688.

In Willis, our Supreme Court disagreed. 103 P.3d at 1217 (holding that the jury instructions need not contain "[e]xpress `nexus' language"). Holt, then, is no longer controlling authority on this point.
[6] We do not address Easterlin's other claims because they are premised on his unsuccessful nexus argument.