149 P.3d 366 (2006)
STATE of Washington, Respondent,
v.
Sheldon Dwight EASTERLIN, Petitioner.
No. 76861-7.
Supreme Court of Washington, En Banc.
Argued March 14, 2006.
Decided December 21, 2006.
*367 Stephanie C. Cunningham, Seattle, WA, for Petitioner.
Alicia Marie Burton, Pierce County Prosecutors Office, Tacoma, WA, for Respondent.
CHAMBERS, J.
¶ 1 "Armed criminals pose an increasing and major threat to public safety and can turn any crime into serious injury or death." "Hard Time for Armed Crime Act." Laws of 1995, ch. 129, § 1(1)(a) (Initiative 159 (I-159)). Reducing armed crime is a laudable goal.
¶ 2 But neither the initiative nor the legislature has defined "armed," and this seemingly simple question of whether a defendant was in fact armed, and more importantly how to determine whether a defendant was armed, has come before us time and time again. It presents a particularly difficult question when the defendant had only constructive possession over a weapon.
¶ 3 After much consideration we have developed a two pronged approach for determining whether a defendant was armed. The weapon must have been readily accessible and easily available, and there must have been some connection between the defendant, the weapon, and the crime. State v. Barnes, 153 Wash.2d 378, 383, 103 P.3d 1219 (2005); State v. Valdobinos, 122 Wash.2d 270, 282, 858 P.2d 199 (1993).
¶ 4 That has not been the end of the debate. Until recently, it has not been clear whether the connection itself is an essential element that the State must prove, or merely definitional. See generally Barnes, 153 Wash.2d at 383, 103 P.3d 1219; State v. Schelin, 147 Wash.2d 562, 55 P.3d 632 (2002).
¶ 5 We have concluded that the connection between the weapon, the defendant, and the crime is definitional, not an essential element of the crime. E.g., Barnes, 153 Wash.2d at 383, 103 P.3d 1219; State v. Gurske, 155 Wash.2d 134, 138-39, 118 P.3d 333 (2005). Instead, the connection is merely a component of what the State must prove to establish that a particular defendant was armed while committing a particular crime.
¶ 6 So far, we have been presented with these questions mostly in constructive possession cases. In this case, Sheldon Dwight Easterlin had a gun on his lap and cocaine in *368 his sock when he was approached by the police. He subsequently pleaded guilty to unlawful possession of a controlled substance with a firearms enhancement, among other things. He now challenges the imposition of the firearms enhancement on the ground he did not know that the State had to prove a connection between his weapon and his crime, and thus he contends his plea was not valid. Alternatively, he argues that the State provided insufficient evidence of such a connection to sustain his plea. The Court of Appeals rejected his challenges. State v. Easterlin, 126 Wash.App. 170, 107 P.3d 773 (2005). We accepted review, State v. Easterlin, 155 Wash.2d 1021, 126 P.3d 1279 (2005), and affirm.

FACTS
¶ 7 At about 2:40 a.m. one morning, police received a call about a suspicious car. Officers responded and found Easterlin asleep in the driver's seat with a 9 mm pistol in his lap and a loaded 9 mm magazine on the seat next to him. An officer reached through an open window and seized the gun, waking Easterlin. Subsequent investigation revealed that Easterlin had cocaine in his sock and a prior felony conviction, making his possession of the gun illegal.
¶ 8 Easterlin pleaded guilty to unlawful possession of cocaine and unlawful possession of a firearm. In his Statement of Defendant on Plea of Guilty, he specifically acknowledged that, "I possessed a controlled substance and I had a firearm with me." Clerk's Papers at 13.
¶ 9 During the plea hearing, the trial court inquired into Easterlin's understanding of the charges and their potential consequences. This conversation touched specifically on the question before us:
THE COURT: You understand the elements of that crime that the State would have to prove if the case were to go to trial?
THE DEFENDANT: Yes.
THE COURT: And you understand the sentence that can be imposed by the Court on that case?
THE DEFENDANT: Yes.
THE COURT: . . . I should say that the unlawful possession of a controlled substance was while armed with a firearm and adding additional time to the presumptive sentence.

THE DEFENDANT: Yes, I do, ma'am.
Verbatim Report of Proceedings (VRP) at 9-10 (emphasis added). The trial judge also explicitly assured herself that Easterlin understood she could sentence him anywhere in the standard range and that he would have no right to appeal that sentence. Easterlin still pleaded guilty and was sentenced to the maximum standard sentence, with a firearms enhancement. He now appeals the acceptance of his plea and the imposition of the enhancement.

ANALYSIS
A. Essential Elements and Firearms Enhancements
¶ 10 A trial judge has an obligation not to accept a guilty plea without "first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea," and that a factual basis for it exists.[1] CrR 4.2(d). Easterlin claims that the trial judge failed to do this because, he says, she did not establish that he knew that there had to be a connection between his crime and his weapon before he could be deemed to be armed. See In re Pers. Restraint *369 of Hews, 108 Wash.2d 579, 589-92, 741 P.2d 983 (1987); CrR 4.2(d). The State contends, and we agree, that his argument is predicated on the mistaken belief that the connection between the gun, the crime, and the defendant is itself an essential element of being armed.[2]
¶ 11 We take this opportunity to summarize our relevant holdings. "A person is `armed' if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes" and there is a connection between the defendant, the weapon, and the crime. Valdobinos, 122 Wash.2d at 282, 858 P.2d 199; Barnes, 153 Wash.2d at 383, 103 P.3d 1219. However, the connection between the defendant, the weapon, and the crime is not an element the State must explicitly plead and prove. See State v. Willis, 153 Wash.2d 366, 374, 103 P.3d 1213 (2005) (holding that the jury need not be specifically instructed to find whether there is a connection between the defendant, the weapon, and the crime); see also Gurske, 155 Wash.2d at 138-39, 118 P.3d 333 (same); Barnes, 153 Wash.2d at 383, 103 P.3d 1219 (same). Instead, it is essentially definitional.
¶ 12 The State urges us to hold that in cases of actual possession of a weapon, it is never obligated to establish a connection on the theory that a person in possession of a weapon is clearly "armed" within common understanding. The Court of Appeals agreed, and we accepted review primarily to determine whether this is necessarily always correct. The State is likely correct that in actual possession cases, it will rarely be necessary to go beyond the commonly used "readily accessible and easily available" instruction. However, the instructions in a particular case must be adequate to permit the parties to argue their theory of the case. State v. Dana, 73 Wash.2d 533, 537, 439 P.2d 403 (1968) (citing Smith v. McDaniel, 53 Wash.2d 604, 610, 335 P.2d 582 (1959)). Depending on the evidence, it would not be error and would perhaps be appropriate for the court to instruct the jury there be a connection between the weapon and the crime to allow the parties to argue their theory of the case.[3]
¶ 13 Easterlin has not met his burden of establishing that his plea was invalid because he did not understand the nature of the charge.
B. Sufficiency of the Evidence.
¶ 14 Easterlin also challenges the sufficiency of the evidence that formed the factual basis for the acceptance of his plea. He is correct that the trial judge may not accept a plea without first being satisfied that there is a factual basis for it. CrR 4.2(d); State v. Saas, 118 Wash.2d 37, 43, 820 P.2d 505 (1991). However, evidence beyond a reasonable doubt is not required; the trial judge was merely obligated to find sufficient evidence for a jury to determine Easterlin was armed. Id.
¶ 15 In this case, an officer saw a gun on Easterlin's lap. That is more than sufficient for the trial judge to find a connection between Easterlin and the weapon.
¶ 16 There was also ample evidence from which a trier of fact could find Easterlin was armed to protect the drugs. See State v. Simonson, 91 Wash.App. 874, 883, 960 P.2d 955 (1998) (holding that a nexus exists if the weapons were there to protect an active methamphetamine manufacturing operation). Easterlin's statement on plea of guilty specifically admitted, in his own words, that he was armed and that he possessed a controlled *370 substance. Even without his statement, there was more than sufficient evidence to uphold a jury's determination that he was armed in connection with a crime.
¶ 17 Easterlin contends that there was no evidence that the weapon was there to protect his drug possession as opposed to mere self-protection. But the State does not have to produce direct evidence of a defendant's intent. So long as the facts and circumstances support an inference of a connection between the weapon, the crime, and the defendant, sufficient evidence exists. Cf. Rogers Potato Serv., L.L.C. v. Countrywide Potato, L.L.C., 152 Wash.2d 387, 392, 97 P.3d 745 (2004). In this case that inference is clearly supportable.
¶ 18 Easterlin has not met the burden he undertook. Accordingly, we affirm imposition of the firearms enhancement.

CONCLUSION
¶ 19 Easterlin pleaded guilty, and he bears the burden of proving his plea was not knowing, voluntary, and intelligent. He has not met this burden. Nor has he met his burden of establishing that there was an insufficient factual basis for the trial judge to accept his guilty plea. Accordingly, we affirm the Court of Appeals on alternative grounds.
WE CONCUR: GERRY L. ALEXANDER, Chief Justice, CHARLES W. JOHNSON, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and BOBBE J. BRIDGE, Justices.
BARBARA A. MADSEN, J., concurs in result only.
SANDERS, J. (dissenting).
¶ 20 "[I]n order to meet its burden on a firearm allegation, the State must establish that the defendant was within the proximity of an easily and readily available firearm for offensive or defensive purposes and that a nexus exists between the defendant, the crime, and the firearm." State v. Barnes, 153 Wash.2d 378, 383, 103 P.3d 1219 (2005) (emphasis added). Undeterred by precedent, the majority asserts the nexus requirement "is not an element the State must explicitly plead and prove." Majority at 369. Having absolved the State of its burden, the majority then concludes Sheldon Easterlin's plea was voluntary. Because the State must establish a nexus between the defendant, the weapon, and the crime, Easterlin's plea was not voluntary in that, as the record demonstrates, he was not informed of what the State would have to establish to secure a conviction. I dissent.
¶ 21 A firearm enhancement applies where the defendant is "armed" during the commission of a crime. RCW 9.94A.533(3) (formerly RCW 9.94A.510(3) (2002)).[1] "Whether a person is armed is a mixed question of law and fact." State v. Mills, 80 Wash.App. 231, 234, 907 P.2d 316 (1995). We first explained the nexus requirement in State v. Schelin, 147 Wash.2d 562, 575-76, 55 P.3d 632 (2002) (plurality opinion), where we held "[a] defendant is `armed' when he or she is within proximity of an easily and readily available deadly weapon for offensive or defensive purposes and when a nexus is established between the defendant, the weapon, and the crime." Our subsequent cases reaffirmed this approach. See State v. Willis, 153 Wash.2d 366, 373, 103 P.3d 1213 (2005) (stating that in Schelin "[w]e . . . held that there must be a nexus between the defendant, the crime, and the deadly weapon in order to find that the defendant was `armed' under the deadly weapon enhancement statute"); State v. Gurske, 155 Wash.2d 134, 141, 118 P.3d 333 (2005) ("[w]ithout a nexus between the defendant, the crime, and the weapon, `courts run the risk of punishing a defendant under the deadly weapon enhancement for having a weapon unrelated to the crime'") (quoting Willis, 153 Wash.2d at 372, 103 P.3d 1213); Barnes, 153 Wash.2d at 383, 103 P.3d 1219 *371 ("Reading Valdobinos,[2]Schelin, and Willis together, we conclude . . . the State must establish that the defendant was within the proximity of an easily and readily available firearm for offensive or defensive purposes and that a nexus exists between the defendant, the crime, and the firearm.").
¶ 22 Easterlin concedes the nexus between the defendant and the weapon is obvious in actual possession cases. However, the fact a defendant actually, as opposed to constructively, possessed a weapon does not relieve the State of its burden to establish a nexus between the weapon and the crime. Barnes, 153 Wash.2d at 383, 103 P.3d 1219 ("The mere presence of a deadly weapon at the crime scene is insufficient to show that the defendant is `armed.'"). And as the record makes clear, Easterlin was never informed of this burden before he entered his plea.
¶ 23 "Due process requires that a guilty plea be knowing, voluntary, and intelligent." In re Pers. Restraint of Hews, 108 Wash.2d 579, 590, 741 P.2d 983 (1987). "A plea is not voluntary in the constitutional sense unless the defendant has adequate notice and understanding of the charges against him." Id. See also State v. Osborne, 102 Wash.2d 87, 92-93, 684 P.2d 683 (1984) ("Due process requires that a defendant be apprised of the nature of the offense in order for a guilty plea to be accepted as knowing, intelligent, and voluntary. Real notice of the nature of the charge is `the first and most universally recognized requirement of due process.'") (quoting Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)).
¶ 24 Our rule reflects these requirements:
The court shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.
CrR 4.2(d).
¶ 25 "[F]ailure to comply fully with CrR 4.2 requires that the defendant's guilty plea be set aside and his case remanded so that he may plead anew." Wood v. Morris, 87 Wash.2d 501, 511, 554 P.2d 1032 (1976). Although a strong presumption the plea is voluntary is created when the defendant completes a plea statement and admits to reading, understanding, and signing it, State v. Smith, 134 Wash.2d 849, 852, 953 P.2d 810 (1998), a guilty plea is not truly voluntary "`unless the defendant possesses an understanding of the law in relation to the facts.'" In re Pers. Restraint of Keene, 95 Wash.2d 203, 209, 622 P.2d 360 (1980) (quoting McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). The defendant's plea is invalid if "the record does not affirmatively show that [the defendant] understood the law in relation to the facts or entered the plea intelligently and voluntarily." State v. S.M., 100 Wash.App. 401, 415, 996 P.2d 1111 (2000) (emphasis added).
¶ 26 The record clearly establishes Easterlin lacked "`an understanding of the law in relation to the facts,'" Keene, 95 Wash.2d at 209, 622 P.2d 360 (quoting McCarthy, 394 U.S. at 466, 89 S.Ct. 1166), regarding his firearm enhancement plea. When inquiring into his understanding of the charges, the trial court did not ask whether Easterlin understood the State must prove a nexus between a defendant, the firearm, and the crime. See Verbatim Report of Proceedings (VRP) at 9-11. In fact, the firearm enhancement was mentioned only in passing after the inquiry had moved onto Count 2 of the information. VRP at 10. The State's argument that Easterlin, by signing the statement of defendant on plea of guilty, demonstrated understanding of the charges against him is unpersuasive because the information, his statement, and the trial court's inquiry into Easterlin's understanding of the charges all failed to apprise him of the State's burden to establish a nexus between the defendant, the crime, and the weapon. Indeed, at oral argument the State's counsel conceded that during the colloquy there was no mention of the nexus requirement, by that or any other name.[3]
*372 ¶ 27 Because Easterlin was not informed the State must prove a nexus between the defendant, the weapon, and the crime, his plea was not knowing, intelligent, and voluntary. Osborne, 102 Wash.2d at 92-93, 684 P.2d 683. Consequently, he is entitled to have his plea set aside and his case remanded to trial court. Wood, 87 Wash.2d at 511, 554 P.2d 1032 ("failure to comply fully with CrR 4.2 requires that the defendant's guilty plea be set aside and his case remanded so that he may plead anew").
¶ 28 I dissent.
NOTES
[1] The procedural posture of this case is unusual. Easterlin asks that we reverse his conviction and remand his case to the trial court so that he can move to withdraw his plea to the firearms enhancement. A court will allow a defendant to withdraw a plea if he or she can show withdrawal is necessary to avoid a manifest injustice. State v. Taylor, 83 Wash.2d 594, 596, 521 P.2d 699 (1974). But even if he were to prevail on the merits, it is far from clear to us that he would be entitled to withdraw only one portion of his plea. A plea agreement is a bargain, and generally, a defendant is not entitled to change only one part of that bargain. See State v. Turley, 149 Wash.2d 395, 400, 69 P.3d 338 (2003) (recognizing that generally, a plea agreement is a package deal). The arguments before us have been couched in terms of whether the trial court erred in accepting the plea, not in terms of whether Easterlin should be allowed to withdraw some portion of his plea. Our disposition makes it unnecessary for us to resolve these perplexities.
[2] We recognize that this was not so clear at the time Easterlin filed his appeal. See State v. Holt, 119 Wash.App. 712, 728, 82 P.3d 688 (2004) (holding the connection is an element) (citing State v. Eastmond, 129 Wash.2d 497, 503, 919 P.2d 577 (1996)) (effectively overruled by State v. Brown, 147 Wash.2d 330, 340, 58 P.3d 889 (2002)). Holt was effectively overruled by Division Two of the Court of Appeals, not coincidentally, in this case. See Easterlin, 126 Wash.App. at 173 n. 5, 107 P.3d 773.
[3] For example, if a defendant is in possession of a ceremonial weapon, such as a Sikh's kirpan that he is required to carry by religious commandment, or of a prop, or of a kitchen knife in a picnic basket, or is a farmer who carries a .22 caliber rifle in a gun rack, or has some object that merely could be used as a weapon, it may be appropriate to allow him to argue to the trier of fact that he is not "armed" as meant by Washington law and to allow the trier of fact to make that determination.
[1] The statute provides:

The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime.
RCW 9.94A.533(3).
[2] State v. Valdobinos, 122 Wash.2d 270, 858 P.2d 199 (1993).
[3] Transcript of Oral Argument at approx. 34 min., 20 sec. (Mar. 14, 2006).