IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30397-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY JESSE HERNANDEZ JR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Mr. Anthony Hernandez Jr. threatened a male friend of his estranged wife and pointed his service revolver at the man. This appeal challenges the sufficiency of the evidence to support the jury's determination that he was armed with a deadly weapon when he committed the crime. We affirm.

FACTS

Mr. Hernandez, a tribal police officer, was separated from his wife Miranda while the couple was in the process of dissolving their marriage. Mr. Hernandez moved to his parents' house while Miranda continued to reside in the marital home. Mr. Hernandez would stop by the rural house daily to feed his dog and collect mail.

He arrived at the house between 7:00 a.m. and 8:00 a.m. on September 18, 2009. Mr. Hernandez was dressed for work as a tribal police officer wearing a standard uniform; he also wore a gun in a holster. He discovered that the door to the master bedroom was locked. A conversation ensued, although accounts of that conversation vary. According to Miranda, Mr. Hernandez demanded entry to the room and became more insistent as she delayed in order to give her male companion time to hide in the bathroom and get dressed. According to Mr. Hernandez, Miranda told him she needed help.

Both accounts agree that Mr. Hernandez broke down the door to the bedroom. He drew his gun and proceeded into the bathroom where he found the companion in the shower, naked. He ordered the man to the floor at gunpoint and holstered his gun before handcuffing the man. He left the bathroom and told his wife that he was "gonna kill him" repeatedly; she begged him not to do so.

Mr. Hernandez returned to the bathroom and identified the male, writing down the information in his police notebook. He told the man that he could kill and bury him on Mt. Adams "and probably get away with it." The man testified that he thought he was going to die that morning. After a period of time, Mr. Hernandez released the man and gave him three minutes to dress and leave. The man complied and fled the location on foot.

Charges of first degree kidnapping and felony harassment of the male victim were filed along with a charge of reckless endangerment of Miranda Hernandez. The jury ultimately acquitted Mr. Hernandez of the kidnapping and reckless endangerment counts, but found him guilty of felony harassment. The jury also concluded that Mr. Hernandez was armed with a deadly weapon at the time of the crime.

The trial court imposed a standard range sentence. Mr. Hernandez then timely appealed to this court.

## ANALYSIS

The sole issue[1] presented in this appeal is an argument that the evidence was insufficient to support the deadly weapon enhancement. Having used the weapon in the course of his encounter with the victim, the evidence supported the jury's conclusion.

Well-settled standards govern this review. Appellate courts review such challenges to see if there was evidence from which the trier of fact could find each element of the offense proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). The reviewing court will consider the evidence in a light most favorable to the prosecution. *Green*, 94 Wn.2d at 221.

---

[1] Mr. Hernandez also argued that the court erred in failing to include "true threat" in the elements instruction. That issue subsequently was decided against his position in *State v. Allen*, 176 Wn.2d 611, 294 P.3d 679 (2013). We will not further discuss the argument.

3

A person is armed with a deadly weapon when he or she is armed while committing a crime. RCW 9.94A.825. "A person is 'armed' if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes." *State v. Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d 199 (1993). In cases of constructive possession, at least, there also must be evidence of a connection ("nexus") between the defendant, the weapon and the crime. *E.g., State v. Gurske*, 155 Wn.2d 134, 141, 118 P.3d 333 (2005). In cases of actual possession of a weapon, it is "likely" that the jury need not be instructed about the nexus requirement. *State v. Easterlin*, 159 Wn.2d 203, 209, 149 P.3d 366 (2006).

The jury in this case was not given a nexus instruction. Mr. Hernandez does not actually challenge that decision, but does argue that the jury would have acquitted him if it had received a nexus instruction. However, since he did not assign error to any action of the trial court concerning a nexus instruction and frames his argument solely as a sufficiency of the evidence challenge, we have no basis to consider whether or not the jury was properly instructed concerning the deadly weapon.

Instead, the sole issue is whether the jury had a sufficient reason for believing that Mr. Hernandez was "armed" while committing the crime of harassment. It did. Here, Mr. Hernandez brandished the weapon, using it to take custody of the victim. He then holstered the weapon and made a series of threats to kill the victim while wearing the gun. In these factual circumstances, he was clearly armed with a deadly weapon. *Cf.*

4

*Easterlin*, 159 Wn.2d at 206, 210 (drug dealer was armed when he possessed drugs in his sock while a gun was sitting on his lap). On the basis of *Easterlin*, we have no difficulty concluding that Mr. Hernandez was equally "armed" while threatening the victim with a holstered gun attached to his body.

We also find support for this conclusion in *State v. Bright*, 129 Wn.2d 257, 916 P.2d 922 (1996). There a police officer was convicted of rape for twice having sexual intercourse with the victim while his gun was holstered around his waist. *Id.* at 263. The question for the court was whether or not the defendant "used" or "threatened to use" the gun in the commission of the rapes. *Id.* at 266. The majority concluded that he did do so in the commission of the crimes. *Id.* at 274. The dissenting justices, in contrast, argued that all the State had proven was that the defendant was armed with a weapon. *Id.* at 275, 278 (Madsen, J., dissenting).

If wearing a gun in a holster constitutes "use" of a deadly weapon to commit rape, it certainly is evidence that the defendant was "armed" while threatening to kill the victim in this case. Accordingly, the evidence was sufficient to support the jury's verdict.

5

No. 30397-7-III
*State v. Hernandez*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____          _____
Brown, J.                                Culp, J.P.T.

6