# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51464-8-II |
| Respondent, | |
| v. | |
| KENNETH DALE ETHEREDGE, | UNPUBLISHED OPINION |
| Appellant. | |

Kenneth D. Etheredge appeals his conviction for first degree robbery with a deadly weapon enhancement. Etheredge argues that insufficient evidence supports the jury's finding regarding the deadly weapon enhancement and that he received ineffective assistance of counsel. We affirm.

FACTS

On November 6, 2017, Etheredge robbed a US Bank branch in Olympia. Etheredge entered the bank and handed the teller a note stating, "Robbery. Large bill. [sic] No alarm." 2 Verbatim Report of Proceedings (VRP) (Jan. 16, 2018) at 65. The teller gave Etheredge approximately $1,700 from her money drawer and included a hidden tracking device with the money.

Etheredge then left the bank. A few minutes later, police officers arrested Etheredge. Etheredge matched the description of the person who robbed the bank. At the time of the arrest, officers found a knife with a fixed blade exceeding four and a half inches in the waistband of Etheredge's pants. Etheredge also had the money and tracking device on his person when he was searched.

The State charged Etheredge with first degree robbery with a deadly weapon enhancement.[1] The State also alleged that the crime was committed shortly after being released from incarceration as an aggravating circumstance. Prior to trial, the State suggested bifurcating the trial and trying the aggravating circumstance separately. However, Etheredge stated that bifurcation was unnecessary and that "it would make sense to just have the [Community Corrections Officer] testify during the body of the trial."[2] 2 VRP (Jan. 16, 2019) at 29. The trial court gave Etheredge additional time to discuss the benefits of bifurcation with his counsel. After additional discussion, Etheredge confirmed that he did not want to bifurcate the trial.

At the jury trial, the State presented testimony consistent with the above facts. The State also presented Etheredge's taped statement in which Etheredge stated that he was carrying the knife "to slit the outer pants down the side and throw them away." 3 VRP at 307. Etheredge also explained that he had just gotten out of prison and robbed the bank because he needed money.

Edward Sparrowgrove, a community corrections officer (CCO), testified that Etheredge was released from incarceration two days prior to committing the robbery. Sparrowgrove also testified that Etheredge never reported as required and violated the terms of community custody by carrying a knife with a fixed blade. Etheredge did not object.

The jury found Etheredge guilty of first degree robbery. The jury also found that Etheredge was armed with a deadly weapon at the time of the commission of the robbery. And the jury found

---

[1] The State also charged Etheredge with second degree theft while armed with a deadly weapon. And the jury also found Etheredge guilty of that charge. The second degree theft verdict was vacated by the trial court on double jeopardy grounds.

[2] It appears this was due, at least in part, to the fact that counsel anticipated that Etheredge would testify in his own defense. Ultimately, Etheredge decided not to testify.

that Etheredge committed the robbery shortly after being released from incarceration. The trial court imposed an exceptional sentence of 108 months, including the deadly weapon sentencing enhancement.

Etheredge appeals.

## ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Etheredge argues that the evidence was insufficient to support the jury's finding that he was armed with a deadly weapon because there was no evidence showing that he used or intended to use the knife during the robbery. We disagree.

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact can find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. *Id*. A claim of insufficiency of the evidence "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id*. Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

For the trial court to impose a deadly weapon sentencing enhancement, the jury must find the defendant was armed with a deadly weapon at the time of the commission of the crime. RCW 9.94A.825. "'A person is armed if a weapon is easily accessible and readily available for use, either for offensive or defensive purposes' and there is a connection between the defendant, the

weapon, and the crime." *State v. Easterlin*, 159 Wn.2d 203, 208-09, 149 P.3d 366 (2006) (internal quotation marks omitted) (quoting *State v. Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d 199 (1993)). The use may be "to facilitate the commission of the crime, escape from the scene of the crime, protect contraband or the like, or prevent investigation, discovery, or apprehension by the police." *State v. Gurske*, 155 Wn.2d 134, 139, 118 P.3d 333 (2005). To determine a nexus between the defendant, the weapon, and the crime this court analyzes "'the nature of the crime, the type of weapon, and the circumstances under which the weapon is found.'" *State v. Brown*, 162 Wn.2d 422, 431, 173 P.3d 245 (2007) (quoting *State v. Schelin*, 147 Wn.2d 562, 570, 55 P.3d 632 (2002)).

When the defendant is in actual possession of a deadly weapon, the State will rarely have to prove more to establish the required nexus. *Easterlin*, 159 Wn.2d at 209; *but see Brown*, 162 Wn.2d at 431-35 (holding defendant was not armed with a deadly weapon for merely handling a rifle during a robbery). The State is not obligated to provide evidence of the defendant's intent to use the weapon. *Easterlin*, 159 Wn.2d at 210. "So long as the facts and circumstances support an inference of a connection between the weapon, the crime, and the defendant, sufficient evidence exists." *Id*.

Here, Etheredge admitted to having the knife and intending to use it to cut off his pants and throw them away. A reasonable jury could easily infer that the purpose of cutting off the pants and throwing them away would be for Etheredge to change his appearance following to robbery or to dispose of evidence. Therefore, Etheredge intended to use the knife to effectuate his escape and prevent apprehension by the police. Even though Etheredge did not use the knife during the robbery, there was sufficient evidence to prove a connection between the knife and the robbery.

However, even without Etheredge's statement, there was sufficient evidence to support the jury's finding that Etheredge was armed with a deadly weapon. It is reasonable for a jury to infer that a person who brings a large knife to rob a bank would use that knife if the original demand was not complied with. Therefore, by carrying the knife in the waistband of his pants, the knife was easily accessible and readily available to use during the robbery. And there was a connection to the crime because the knife could be used to effectuate the robbery. Accordingly, the facts and circumstances support a reasonable inference of a connection between Etheredge, the knife, and the robbery, and sufficient evidence supports the jury's finding that Etheredge was armed with a deadly weapon at the time of the commission of the robbery.

## B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Etheredge also argues that he received ineffective assistance of counsel when his counsel failed to object to prejudicial testimony by the CCO. We disagree.

The Sixth Amendment to the U.S. Constitution and article I, section 22 of the Washington Constitution guarantee a defendant the right to effective assistance of counsel. *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011), *cert. denied*, 135 S. Ct. 153 (2014). An ineffective assistance of counsel claim is a mixed question of fact and law that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. *Grier*, 171 Wn.2d at 32-33 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To establish prejudice, "the defendant must establish that 'there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different.'" *Grier*, 171 Wn.2d at

34 (quoting *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)). If the defendant fails to satisfy either prong, the defendant's ineffective assistance of counsel claim fails. *Id.* at 33.

Here, even if Etheredge's counsel was deficient for failing to object to the CCO's testimony, Etheredge cannot establish prejudice. The State presented evidence that someone matching Etheredge's description robbed the bank. And Etheredge had the stolen money and tracking device in his possession when he was arrested only minutes after the robbery. In addition, Etheredge admitted to robbing the bank. Based on the State's evidence, there is no reasonable probability that the outcome of Etheredge's trial would have been different if counsel had objected to the CCO's testimony. Therefore, Etheredge has failed to establish prejudice, and his ineffective assistance of counsel claim fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Cruser, J.