IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

FILED
COURT OF APPEALS
DIVISION II

2014 AUG 26 AM 11: 34

STATE OF WASHINGTON

BY
DEPUTY

STATE OF WASHINGTON,

                Respondent,

v.

LORENZO WEBB,

                Appellant.

No. 43179-3-II

PUBLISHED OPINION

MELNICK, J. — Lorenzo Webb appeals his second degree assault conviction and persistent offender sentence. He argues that his right to a public trial was violated when the attorneys conducted peremptory challenges on paper. He also argues that the trial court erred when it considered his two previous assault convictions at sentencing because the 1982 conviction is not comparable to a most serious offense and his 1992 conviction is facially constitutionally invalid. We hold that the trial court erred when it considered Webb's prior convictions because the 1982 assault does not qualify as a most serious offense under the persistent offender statute and because the 1992 assault conviction was based on an expired statute and therefore is facially constitutionally invalid. Finally, no violation of Webb's public trial right occurred. We affirm Webb's second degree assault conviction, reverse his persistent offender sentence, and remand for resentencing.

## FACTS

The State charged Webb with second degree assault after he attacked his girlfriend. At trial, counsel conducted voir dire in open court. After voir dire, the trial court stated,

> At this time, the attorneys are going to exercise their peremptory challenges which are the challenges they have by law for which they don't have to give a reason. They do it on paper. They pass a sheet of paper back and forth. While this

happens, you are free to stand up and stretch if you want. You can have a quiet conversation with your neighbor. . . . They will pass that back and forth, and we should get the jury selected this afternoon.

Report of Proceedings (RP) (June 1 & 2, 2011) at 64. The record indicates a pause in the proceedings. Counsel exercised their peremptory challenges. The court then said, "We have the jury selected for this case." RP (June 1 & 2, 2011) at 64.

The jury found Webb guilty of second degree assault, domestic violence. The State argued that Webb, a persistent offender, should be sentenced to a term of total confinement for life without the possibility of release. The State asserted that Webb's two previous second degree assault convictions from 1982 and 1992 were comparable to most serious offenses under RCW 9.94A.030(32)(b) and (u).[1] Webb argued that (1) he was not a persistent offender because his prior assaults were not comparable to most serious offenses and (2) his 1992 assault was facially constitutionally invalid because the plea listed the wrong version of the statute.

The trial court ruled that Webb's 1982 and 1992 assault convictions were both comparable to a most serious offense, second degree assault. It also found that Webb's 1992 conviction was not facially constitutionally invalid. Accordingly, it sentenced Webb as a persistent offender to total confinement for life without the possibility of release. Webb appeals his judgment and sentence.

---

[1] Former RCW 9.94A.030 (2010) was in effect at the time of Webb's current assault. The legislature has amended RCW 9.94A.030 since, but the amendments do not affect our analysis. Accordingly, we cite to the current version of the statute.

ANALYSIS

## I.   PUBLIC TRIAL RIGHT

Webb first argues that his right to a public trial was violated because counsel conducted peremptory challenges on paper. This contention fails. In *State v. Dunn*, 180 Wn. App. 570, 321 P.3d 1283 (2014), we previously decided a similar issue. In *Dunn*, we held that the trial court did not violate a defendant's right to a public trial when the attorneys exercised peremptory challenges at a side bar. 180 Wn. App. at ___, 321 P.3d at 1285; *see also State v. Love*, 176 Wn. App. 911, 309 P.3d 1209 (2013) (peremptory challenges at sidebar). Following *Dunn's* rationale, we hold that the trial court did not violate Webb's public trial right.

## II.   PERSISTENT OFFENDER

Webb next argues that the trial court erred when it found him to be a persistent offender. He asserts that his 1982 assault conviction is not comparable to a most serious offense and that his 1992 conviction is constitutionally invalid on its face. We agree with both arguments.

### A.   1992 Conviction—No Comparability

Under RCW 9.94A.570, a persistent offender shall be sentenced to life in prison without the possibility of release. A persistent offender is one who has been convicted of a most serious offense and has two prior felonies that are also most serious offenses. RCW 9.94A.030(37)(a). Second degree assault is a most serious offense. RCW 9.94A.030(32)(b). Felonies committed before December 2, 1993, are classified as most serious offenses if they are comparable to a most serious offense. RCW 9.94A.030(32)(u). We review de novo a trial court's decision to consider a prior conviction a most serious offense for persistent offender purposes. *State v. Thiefault*, 160 Wn.2d 409, 414, 158 P.3d 580 (2007).

3

To determine whether crimes are comparable, the court first looks at the elements of the crime. *State v. Failey*, 165 Wn.2d 673, 677, 201 P.3d 328 (2009); *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). If the elements of the prior conviction are comparable to the elements of a most serious offense on their face, the prior conviction is considered a most serious offense.[2] *Morley*, 134 Wn.2d at 606. If the elements are different or if the former statute is broader than the current statute, the court may then look at the defendant's conduct, as evidenced by the information, to determine whether it would have violated the comparable most serious offense statute. *Morley*, 134 Wn.2d at 606 (quoting *State v. Mutch*, 87 Wn. App. 433, 437, 942 P2d 1018 (1997)). In making this factual comparison, the sentencing court may rely on facts in the former record only if they are admitted, stipulated to, or proved beyond a reasonable doubt. *Thiefault*, 160 Wn.2d at 415. The State bears the burden of establishing the comparability of a prior conviction. *State v. Thomas*, 135 Wn. App. 474, 488, 144 P.3d 1178 (2006).

The trial court found that Webb's 1982 assault conviction was comparable to the current[3] version of second degree assault, a most serious offense. Under the current statute, the elements are that a person is guilty of second degree assault if he "intentionally assaults another and thereby *recklessly inflicts substantial bodily harm.*" RCW 9A.36.021(1)(a) (emphasis added). In 1982, a person was guilty of second degree assault if he *"knowingly inflict[ed] grievous bodily harm"* on

---

[2] At oral argument, the State argued it only needed to show that the elements were "substantially similar." Wash. Court of Appeals oral argument, *State v. Webb*, No. 43179-3-II (June 26, 2014), at 9 min., 32 sec.-9min., 36 sec. (on file with the court). But the State has not shown how the elements are substantially similar if grievous bodily harm encompasses a broader range of injury than substantial bodily harm.

[3] The legislature has amended RCW 9A.36.021 since 2010, the date of Webb's current offense. LAWS OF 2011 ch. 166, § 1. But this change does not affect our analysis. Accordingly, we cite to the current version.

another. Former RCW 9A.36.020(1)(b) (1979) (emphasis added). Webb argues that the elements differ as to both the mental state required and the type of harm that ensued.

We begin our analysis by comparing the terms "substantial bodily harm," as used in the current version, and "grievous bodily harm," as used in the 1982 version. "Substantial bodily harm" means bodily injury that involves temporary but substantial disfigurement, causes a temporary but substantial loss of the function of any body part or organ, or causes a fracture of any body part. RCW 9A.04.110(4)(b). "Grievous bodily harm," on the other hand, means "a hurt or injury calculated to interfere with the health or comfort of the person injured; it need not necessarily be an injury of a permanent character. By 'grievous' is meant atrocious, aggravating, harmful, painful, hard to bear, serious in nature." *State v. Salinas*, 87 Wn.2d 112, 121, 549 P.2d 712 (1976).

"Grievous bodily harm" is broader than "substantial bodily harm." As an example, an injury that resulted only in pain and discomfort would be considered grievous but not substantial. Webb could have been convicted of assault in 1982 based on an injury involving only pain, but he could not be convicted of assault under the current statute for an injury involving only pain. The 1982 assault statute is broader than the current second degree assault statute. The type of harm required for a conviction under the two statutes is not comparable. Because we reach this conclusion, we need not decide whether the same mens rea is required to violate each version of the statute.

Because the statutes are not legally comparable, we proceed to the second prong of the test and examine the convictions for factual comparability. The only facts contained in the record are contained in the 1982 amended information. This charging document merely recites the elements of the second degree assault statute. There is insufficient proof to determine whether Webb's

5

conduct would have violated the current second degree assault statute. *See Morley*, 134 Wn.2d at 606.

The 1982 conviction is not legally or factually comparable to a most serious offense. Therefore, the trial court erred when it sentenced Webb as a persistent offender.

B.      1992 Conviction—Facial Constitutional Invalidity

Next, Webb argues that the trial court erred when it considered his 1992 conviction because it is unconstitutional on its face. We agree.

The State is not required to prove the constitutional validity of prior convictions before they can be used at sentencing. *State v. Ammons*, 105 Wn.2d 175, 188, 713 P.2d 719 (1986). Generally, the defendant has no right to contest prior convictions at a subsequent sentencing because there are more appropriate methods for contesting the validity of prior convictions. *Ammons*, 105 Wn.2d at 188.

But a prior conviction that is unconstitutionally invalid on its face may not be considered at sentencing. *Ammons*, 105 Wn.2d at 187-88. "On its face" includes the judgment and sentence and documents signed as part of a plea bargain. *State v. Thompson*, 143 Wn. App. 861, 866-67, 181 P.3d 858 (2008). A conviction is facially invalid if constitutional invalidities are evident without further elaboration.[4] *Ammons*, 105 Wn.2d at 188.

In 1992, a person committed second degree assault if he intentionally assaulted another and thereby recklessly inflicted substantial bodily harm. Former RCW 9A.36.021(1)(a) (1988).

---

[4] However, in *In re Personal Restraint of Thompson*, 141 Wn.2d 712, 719, 10 P.3d 380 (2000), the court held that the defendant's judgment and sentence was facially invalid where the State charged him with a crime that did not exist when the alleged events occurred. This invalidity only became evident by looking at outside sources, i.e., the undisputed statutory history. We adopt the same approach in this case.

The information for Webb's 1992 conviction cites former RCW 9A.36.020(1)(b) (1979), which expired July 1, 1987. It states that Webb "on or about the 21st day of April, 1992, . . . knowingly inflict[ed] grievous bodily harm upon [K.R.], a human being, with a weapon, to-wit: a knife." Ex. 3B. His judgment and sentence also cites former RCW 9A.36.020(1)(b). Thus, the State charged Webb and the court sentenced him under an expired version of the second degree assault statute.

This invalidity is clear from the face of the judgment. It states the date of the crime, April 21, 1992, but cites to and specifies the elements of a statute, former RCW 9A.36.020, repealed in 1987. LAWS OF 1986, ch. 257, § 9, § 12.

Additionally, the conviction and sentence is unconstitutional. "'Due process requires that a guilty plea be knowing, voluntary, and intelligent.'" *State v. Easterlin*, 159 Wn.2d 203, 212-13, 149 P.3d 366 (2006) (quoting *In re Pers. Restraint of Hews*, 108 Wn.2d 579, 590, 741 P.2d 983 (1987)). "'A plea is not voluntary in the constitutional sense unless the defendant has adequate notice and understanding of the charges against him.'" *Easterlin*, 159 Wn.2d at 213 (quoting *Hews*, 108 Wn.2d at 590).

Here, Webb did not have adequate notice and understanding of the charges against him because the State charged and the court sentenced him for a crime that did not exist when the alleged events occurred. *See Thompson*, 141 Wn.2d at 719, 722 (holding that a judgment and sentence was constitutionally invalid on its face when the defendant was charged with a crime that did not yet exist). The assault statute in effect in 1992, when Webb committed the acts, required different elements than the 1979 statute that the State erroneously charged Webb under and for which he was sentenced. Second degree assault in 1992 required infliction of substantial bodily harm, while the statute listed in the information required only grievous bodily harm. *Compare* former RCW 9A.36.021(1)(a) (1988) *with* former RCW 9A.36.020(1)(b) (1979). As we discussed

in the preceding section, grievous and substantial bodily harm encompass different types of injuries. Accordingly, Webb has shown that his 1992 sentence is facially constitutionally invalid. The trial court erred by considering it.

Finally, Webb argues that his persistent offender sentence violates his due process and equal protection rights. Because we are reversing his sentence, we do not reach this issue. We affirm Webb's assault conviction, reverse his persistent offender sentence, and remand for resentencing.

Melnick, J.

We concur:

Johanson, C.J.

Maxa, J.