IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF EDWARD LEON NELSON. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 35738-4III<br><br>UNPUBLISHED OPINION |

FEARING, J. — In a personal restraint petition, Edward Nelson challenges his life sentence as a persistent offender. He argues that the sentencing court erroneously concluded that a 1991 conviction for promoting prostitution in the first degree was a strike offense when the crime is now redefined to exclude the conduct for which he was convicted. Because the current crime of promoting commercial sexual abuse of a minor covers the same conduct for which Nelson was convicted in 1991, we deny Nelson's argument and dismiss his petition.

FACTS

The question on appeal concerns whether the sentencing court, as a result of a 2016 conviction for attempted first degree robbery could sentence petitioner Edward

Nelson as a persistent offender. In 1987, a Washington State court convicted Nelson of second degree kidnapping and attempted first degree robbery. In 1991, another Washington State court convicted Nelson of promoting prostitution in the first degree. The 1991 information alleged:

> That the defendant EDWARD LEON NELSON in King County, Washington during a period of time intervening between June 4, 1991 through June 11, 1991, *did advance or profit from prostitution of a person less than eighteen years old.*

Br. of Petitioner Apx. I at 1 (emphasis added).

The most recent crime that gave rise to this personal restraint petition occurred on August 15, 2014. On that date, Edward Nelson attempted to gain possession of oxycodone at a Yakima Rite Aid store pharmacy counter while threatening to shoot the clerk. When he did not succeed, he demanded money while showing a gun. When later pursued by law enforcement officers, Nelson fled in his car.

PROCEDURE

The State of Washington charged Edward Nelson with attempted first degree robbery, unlawful possession of a firearm, and eluding a police officer. In 2016, a jury found Edward Nelson guilty of attempted first degree robbery and returned a special finding that Nelson was armed with a firearm when he committed the crime. The jury also found Nelson guilty of attempting to elude a pursuing police vehicle. The jury acquitted Nelson of first degree unlawful possession of a firearm.

2

The sentencing court sentenced Edward Nelson as a persistent offender pursuant to RCW 9.94A.570. The court determined that Nelson's conviction for attempted first degree robbery was his third "most serious offense" conviction for purposes of the Persistent Offender Accountability Act (POAA), RCW 9.94A.570. We call "most serious offenses" strike offenses, as the offender is only allowed three strikes as if batting in a baseball game. The court calculated the 1987 conviction of second degree kidnapping and attempted first degree robbery as the first most serious offense. The court deemed the 1991 conviction of promoting prostitution in the first degree as the second strike, despite the section of the promoting prostitution in the first degree statute, under which Nelson was convicted, no longer existing by 2016. The sentencing court did not conduct a comparability analysis with any current crime.

Edward Nelson appealed his conviction for attempted first degree robbery to this court, and this court affirmed his conviction. *State v. Nelson*, no. 34032-5-III, (Wash. Ct. App. May 2, 2017) (unpublished), https://www.courts.wa.gov/opinions/pdf/340325_ord.pdf. Nelson did not challenge his sentence on appeal. The Washington State Supreme Court granted review of Nelson's challenge to his conviction and also affirmed.

In the meantime, Edward Nelson filed this personal restraint petition. Nelson asks that this court vacate his lifetime sentence as a persistent offender because his 1991 conviction for promoting prostitution in the first degree is not a strike offense for

3

purposes of the persistent offender accountability act. He also contends that his trial counsel and former appellate counsel acted ineffectively by failing to earlier challenge his lifetime sentence.

LAW AND ANALYSIS

Edward Nelson filed his personal restraint petition within one year of his appeal being final. Therefore, his petition is timely. RCW 10.73.090(1). Edward Nelson remains confined, so he is "restrained" under RAP 16.4(b).

In a personal restraint petition, the petitioner "must show either that he . . . was actually and substantially prejudiced by constitutional error or that his . . . trial suffered from a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice." *In re Personal Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013). Edward Nelson claims that his offender score was miscalculated. A sentence based on an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice. *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002). Therefore, if Nelson proves that his 1991 conviction does not qualify as a strike offense, his sentence should be deemed erroneous, and he should be resentenced. *In re Personal Restraint of Canha*, 189 Wn.2d 359, 402 P.3d 266 (2017).

We must decide whether to include Edward Nelson's 1991 conviction for the crime of promoting prostitution in the first degree, as defined in former RCW

4

9A.88.070(1)(b) (1975), is a strike offense for purposes of the POAA. The determination depends on whether the conviction is comparable to the current crime of promoting commercial sexual abuse of a minor under RCW 9.68A.101.

We travel through the provisions of the long and winding POAA before analyzing the two crimes. In 1993, over a decade after Washington's adoption of the Sentencing Reform Act of 1981, (SRA), ch. 9.94A RCW, the Washington citizens revived the former habitual criminal statute in a modified form. SETH AARON FINE, 13B WASHINGTON PRACTICE: CRIMINAL LAW AND SENTENCING § 42:9 (3D ED. 2019). Unlike habitual criminal statutes, which could apply to a minor crime like petit larceny as well as to serious felonies, the 1993 Persistent Offender Accountability Act applies to persons convicted on three occasions of "most serious crimes." RCW 9.94A.030(37); *State v. Hart*, 188 Wn. App. 453, 460, 353 P.3d 253 (2015). The act precludes prosecutors from agreeing not to assert prior convictions during sentencing. Whenever a sentencing court concludes an offender is a "persistent offender," the court must impose a life sentence, and the offender is not eligible for any form of early release. RCW 9.94A.570; *State v. Hart*, 188 Wn. App. 453, 460, 353 P.3d 253 (2015).

"Most serious offenses" include all Class A felonies, among many other crimes. RCW 9.94A.030(32). An attempt to commit any of these felonies is also a "most serious offense." RCW 9.94A.030(32). First degree robbery, the attempt of which was Edward Nelson's 2016 conviction and one of Nelson's 1987 convictions, is a Class A felony.

RCW 9A.56.200(2).  Therefore, with his 2016 conviction, Nelson had at least two strike offenses by reason of attempted robberies.

We must determine if Edward Nelson's 1991 conviction for promoting prostitution in the first degree constitutes a third strike offense.  Under RCW 9.94A.030(32)(m), promoting prostitution in the first degree is a strike offense, despite its classification as a Class B felony.  RCW 9A.88.070(2).  But on Nelson's conviction in 1991, the law defined the crime differently from the definition in 2014 when he committed his most recent serious offense.  So we must determine if another section of the POAA applies.

Comparable federal and out-of-state crimes, and comparable crimes under former Washington law, also count as "most serious offenses."  RCW 9.94A.030(32)(t) defines as a "serious criminal offense:"

> Any felony offense in effect at any time prior to December 2, 1993, that is comparable to a most serious offense under this subsection, or any federal or out-of-state conviction for an offense that under the laws of this state would be a felony classified as a most serious offense under this subsection;

RCW 9A.88.070 defined promoting prostitution in the first degree both in 1991 and 2014.  The 1991 version of RCW 9A.88.070, however, included an alternative element not found in the 2014 version of the statute.  In 1991, the statute declared:

> (1) A person is guilty of promoting prostitution in the first degree if he or she knowingly:

6

        (a) advances prostitution by compelling a person by threat or force to engage in prostitution or profits from prostitution which results from such threat or force; or
        (b) advances or profits from prostitution of a person less than eighteen years old.

Former RCW 9A.88.070 (1975). The 1991 charging document against Edward Nelson

alleged that Edward Nelson only violated section (b) of RCW 9A.88.070(1).

In 2007, the Washington Legislature removed subsection (1)(b) from RCW 9A.88.070.

LAWS OF 2007, ch. 368, § 13. In turn, in 2012, the legislature added a new section (1)(b)

to the statute. LAWS OF 2012, ch. 141, § 1. The statute in 2014, in 2016, and now reads:

        (1) A person is guilty of promoting prostitution in the first degree if he or she knowingly advances prostitution:
        (a) By compelling a person by threat or force to engage in prostitution or profits from prostitution which results from such threat or force; or
        (b) By compelling a person with a mental incapacity or developmental disability that renders the person incapable of consent to engage in prostitution or profits from prostitution that results from such compulsion.

RCW 9A.88.070.

In 2007, when the Washington Legislature removed subsection (1)(b) from RCW

9A.88.070, the legislature created the new crime of promoting commercial sexual abuse

of a minor and placed in a new statute, RCW 9.68A.101, language similar to that

removed from RCW 9A.88.070(1)(b). *See* LAWS OF 2007, ch. 368, § 13. In 2010, the

legislature also classified the new crime of promoting commercial sexual abuse of a

minor as a Class A felony. LAWS OF 2010, ch. 289, § 14 (2). RCW 9.68A.101 reads, in

relevant part:

> (1) A person is guilty of promoting commercial sexual abuse of a minor if he or she knowingly advances commercial sexual abuse or a sexually explicit act of a minor or profits from a minor engaged in sexual conduct or a sexually explicit act.
> (2) Promoting commercial sexual abuse of a minor is a class A felony.
> (3) For the purposes of this section:
> (a) A person "advances commercial sexual abuse of a minor" if, acting other than as a minor receiving compensation for personally rendered sexual conduct or as a person engaged in commercial sexual abuse of a minor, he or she causes or aids a person to commit or engage in commercial sexual abuse of a minor, procures or solicits customers for commercial sexual abuse of a minor, provides persons or premises for the purposes of engaging in commercial sexual abuse of a minor, operates or assists in the operation of a house or enterprise for the purposes of engaging in commercial sexual abuse of a minor, or engages in any other conduct designed to institute, aid, cause, assist, or facilitate an act or enterprise of commercial sexual abuse of a minor.
> (b) A person "profits from commercial sexual abuse of a minor" if, acting other than as a minor receiving compensation for personally rendered sexual conduct, he or she accepts or receives money or anything of value pursuant to an agreement or understanding with any person whereby he or she participates or will participate in the proceeds of commercial sexual abuse of a minor.

The State argues that the crime of promoting prostitution in the first degree under

former RCW 9A.88.070(1)(b) is comparable to the crime of promoting commercial

sexual abuse of a minor under RCW 9.68A.101. Edward Nelson responds that the

elements of the two statutes are not comparable under the analysis outlined in *State v.*

*Webb*, 183 Wn. App. 242, 247-48, 333 P.3d 470 (2014). He argues former RCW

8

9A.88.070(1)(b) does not contain the words "commercial sexual abuse of a minor." We agree with the State.

A comparability analysis, under RCW 9.94A.030(32)(t), contains a legal and factual prong. *State v. Webb*, 183 Wn. App. at 249. First, to determine if a crime is comparable to a most serious offense, this court looks to the elements of the crime. *State v. Webb*, 183 Wn. App. at 247; *State v. Failey*, 165 Wn.2d 673, 677, 201 P.3d 328 (2009); *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). If the elements of the prior conviction are comparable to the elements of a most serious offense on their face, the prior conviction is considered a most serious offense under the legal prong. *State v. Webb*, 183 Wn. App. at 247-48. If however, the statute, under which a defendant was earlier convicted, is broader than the current statute, this court next looks to the defendant's conduct as stated in the indictment or information to determine if the crime is comparable. *State v. Morley*, 134 Wn.2d at 606; *State v. Webb*, 183 Wn. App. at 248. In making this factual comparison, the sentencing court may rely on facts in the former record only if they are admitted, stipulated to, or proved beyond a reasonable doubt. *State v. Webb*, 183 Wn. App. at 248. The burden of proof is on the State to demonstrate a prior conviction is comparable. *State v. Webb*, 183 Wn. App. at 248.

We compare the elements of "prostitution" in the former RCW 9A.88.070 and "commercial sexual abuse" in the current RCW 9.68A.101 in order to determine if the elements of these crimes are comparable. Under the former RCW 9A.88.070, a person

9

committed promoting prostitution in the first degree if he profited off of prostitution of a minor. The term "prostitution" in 1991 and now means "engages or agrees or offers to engage in sexual conduct with another person in return for a fee." RCW 9A.88.030(1). At the time of Edward Nelson's conviction for promoting prostitution in the first degree, the following definitions were provided for the crime:

> (1) "Advances prostitution." A person "advances prostitution" if, acting other than as a prostitute or as a customer thereof, he causes or aids a person to commit or engage in prostitution, procures or solicits customers for prostitution, provides persons or premises for prostitution purposes, operates or assists in the operation of a house of prostitution or a prostitution enterprise, or engages in any other conduct designed to institute, aid, or facilitate an act or enterprise of prostitution.
> (2) "Profits from prostitution." A person "profits from prostitution" " if, acting other than as a prostitute receiving compensation for personally rendered prostitution services, he accepts or receives money or other property pursuant to an agreement or understanding with any person whereby he participates or is to participate in the proceeds of prostitution activity.

Former RCW 9A.88.060 (1975).

The definition of promoting prostitution in the first degree echoes the definitions for "advances commercial sexual abuse of a minor" or "profits from commercial sexual abuse of a minor" under the current RCW 9.68A.101(3).

> (a) A person "advances commercial sexual abuse of a minor" if, acting other than as a minor receiving compensation for personally rendered sexual conduct or as a person engaged in commercial sexual abuse of a minor, he or she causes or aids a person to commit or engage in commercial sexual abuse of a minor, procures or solicits customers for commercial sexual abuse of a minor, provides persons or premises for the purposes of engaging in commercial sexual abuse of a minor, operates or

10

> assists in the operation of a house or enterprise for the purposes of engaging in commercial sexual abuse of a minor, or engages in any other conduct designed to institute, aid, cause, assist, or facilitate an act or enterprise of commercial sexual abuse of a minor.
>
> (b) A person "profits from commercial sexual abuse of a minor" if, acting other than as a minor receiving compensation for personally rendered sexual conduct, he or she accepts or receives money or anything of value pursuant to an agreement or understanding with any person whereby he or she participates or will participate in the proceeds of commercial sexual abuse of a minor.

RCW 9.68A.101. The definition of minor under RCW 9.68A.011(5) is identical to that used in promoting prostitution in the first degree.

Guidance as to what constitutes "commercial sexual abuse" is found in the definition of that specific crime under RCW 9.68A.100.

> (1) A person is guilty of sexual guilty of commercial sexual abuse of a minor if:
> (a) He or she provides anything of value to a minor or a third person as compensation for a minor having engaged in sexual conduct with him or her;
> (b) He or she provides or agrees to provide anything of value to a minor or a third person pursuant to an understanding that in return therefore such minor will engage in sexual conduct with him or her; or
> (c) He or she solicits, offers, or requests to engage in sexual conduct with a minor in return for anything of value.

RCW 9.68A.100. Sexual conduct is identified identically for purposes of the statutes.

RCW 9A.44.010(1), (2); RCW 9.68A.101(5); RCW 9A.88.030(2).

We disagree with Edward Nelson's argument that the 1991 crime, for which he was convicted, no longer exists. The crime still exists and, as argued by the State, the legislature separated the section specific to minors making it a detached crime. Although

the new statute uses the term "commercial sexual abuse" of a minor, this phrase parallels the crime of promoting "prostitution" of a person less than eighteen years of age. Prostitution requires that sexual contact or intercourse be committed. Commercial sexual abuse of a minor, likewise, requires that sexual contact or intercourse be committed. Both crimes also emphasize the commercial nature of the offenses. Here, for the purposes of this analysis, prostitution and commercial sexual abuse are the same within the context of these statutes. Because we conclude that the two crimes are legally comparable we do not address factual comparability.

Edward Nelson also contends that he received ineffective assistance of trial counsel and appellate counsel when they failed to raise the issue of a comparability analysis. To determine ineffectiveness of counsel, the Washington State Supreme Court employs a two-part test provided by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *State v. Hendrickson*, 129 Wn.2d 61, 77, 917 P.2d 563 (1996). Under this test, Edward Nelson must show that (1) his trial counsel's failure to object to the comparability of his two offenses constituted deficient performance and (2) the deficiency prejudiced his defense. *State v. Thiefault*, 160 Wn.2d 409, 414, 158 P.3d 580 (2007). Because we conclude that the trial court correctly included Edward Nelson's 1991 conviction for promoting prostitution in the first degree as a strike offense, Edward Nelson suffered no prejudice

by reason of his trial counsel's and his previous appellate counsel's failure to assert lack of comparability.

CONCLUSION

We conclude that the sentencing court committed no error when adjudging Edward Nelson's 1991 conviction for promoting prostitution in the first degree as a serious criminal offense under the Persistent Offender Accountability Act. We dismiss Nelson's personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, C.J.

13