# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of:<br><br>PATRICK BOYD DRUM,<br><br>                                Petitioner. | No. 57006-8-II<br><br><br>UNPUBLISHED OPINION |

MAXA, J. – Patrick Drum seeks relief from personal restraint resulting from his 2012 convictions following his guilty plea for two counts of aggravated first degree murder, first degree burglary with a firearm sentencing enhancement, and unlawful possession of a firearm.

The judgment and sentence stated that Drum was guilty of two counts of aggravated first degree murder, and the trial court sentenced him to life in prison without the possibility of parole on both counts. The judgment and sentence also stated, "The court dismisses the aggravators in the charging document." Am. Pet., Attach. B, at 4. Drum interprets this statement as referring to the aggravating circumstances supporting his aggravated first degree murder convictions. Drum argues in his personal restraint petition (PRP) that because the aggravators were dismissed, he could not have been convicted of aggravated first degree murder and his convictions should have been for nonaggravated first degree murder.

The State argues that the provision dismissing the "aggravators" inartfully referred to the firearm sentencing enhancement for first degree burglary, not to the aggravated murder

aggravators. The State notes that the fact that the trial court did not impose a sentence for the firearm enhancement supports this interpretation. Therefore, the State asserts that the judgment and sentence is not facially invalid and is time barred.

Drum also argues, and the State concedes, that the trial court did not have statutory authority to impose community custody for unlawful possession of a firearm or to require him to undergo an evaluation for substance abuse treatment.

We hold that (1) Drum's claim that his aggravated first degree murder convictions were unlawful is time barred, and (2) the trial court erred in imposing community custody for the unlawful possession of a firearm conviction and ordering Drum to undergo substance abuse evaluation. Accordingly, we dismiss Drum's petition in part and grant in part, and remand for the trial court to strike imposition of community custody for the unlawful possession of a firearm conviction and the requirement of a substance abuse evaluation from the judgment and sentence.

FACTS

In June 2012, the State charged Drum by information with two counts of aggravated first degree murder, first degree burglary, and unlawful possession of a firearm. The information alleged that Drum committed the murders with a premeditated intent to cause the death of another person.

According to the probable cause statement, the charges arose out of two murders Drum committed in June 2012. In the first instance, Drum shot and killed his roommate inside their home. In the other instance, Drum broke into the home of a registered sex offender and shot and killed him. Drum told police that he shot and killed the men because they were sex offenders,

and that he intended to drive to a neighboring county to kill a third person. Drum adopted the probable cause statement containing these facts as his own statement.

The information stated that the aggravating circumstance for the first count of aggravated first degree murder was that "there was more than one victim and the murders were part of a common scheme or plan." Am. Pet., Attach. A, at 1. The information stated that the aggravating circumstances for the second count of aggravated first degree murder was that "there was more than one victim and the murders were part of a common scheme or plan" and the murder was committed in the course of first degree burglary. Am. Pet., Attach. A, at 2.

The information also alleged that Drum was armed with a deadly weapon when he committed the two counts of aggravated first degree murder and first degree burglary.

Drum pleaded guilty to two counts of aggravated first degree murder, first degree burglary while armed with a firearm, and unlawful possession of a firearm. Drum acknowledged that the standard range sentence for the two aggravated murder charges was life in prison without the possibility of parole. He also acknowledged that the standard range sentence for first degree burglary while armed with a firearm included a 60 month firearm sentencing enhancement.

At the plea hearing, the prosecutor offered to dismiss the "firearm aggravators" in the charging document if it made it simpler for the court. The prosecutor did not think it would make a difference if the sentencing enhancement was dismissed because Drum pleaded guilty to a crime with a mandatory sentence of life without parole.

The trial court explained to Drum the crimes he was charged with and ensured that Drum understood the aggravating circumstances for each of his aggravated murder convictions. Drum

pleaded guilty to all of the charges against him and the trial court found that there was a probable factual basis to support each of the pleas that were entered.

At the end of the sentencing hearing, the trial court stated that Drum would be sentenced to life without parole for each of his aggravated murder convictions. The court also stated the sentence for first degree burglary would be at the high end of the standard range. The court did not impose 60 months for the firearm sentencing enhancement.

The trial court entered a judgment and sentence on September 18, 2012. The judgment and sentence stated that Drum pleaded guilty to two counts of aggravated first degree murder, first degree burglary, and unlawful possession of a firearm. The trial court sentenced Drum to life in prison without the possibility of parole on both aggravated first degree murder convictions. The court imposed a sentence of 116 months for first degree burglary, and did not impose a sentence for the firearm sentencing enhancement. The judgment and sentence also contained a handwritten statement: "The court dismisses the aggravators in the charging document." Am. Pet., Attach. B, at 4.

The trial court also imposed 12 months of community custody for Drum's unlawful possession of a firearm conviction relating to "offenses involving the unlawful possession of a firearm by a street gang member or associate." Am. Pet., Attach. B, at 5. But the box on the judgment and sentence stating that the defendant was a member of a criminal street gang was unchecked. The court also ordered Drum to undergo an evaluation for treatment for substance abuse. But the box next to the clause stating that the defendant had a chemical dependency that contributed to his offense was unchecked.

4

Drum did not appeal, and the judgment and sentence became final on the date of entry. Drum filed this PRP in August 2022 seeking a remand for resentencing.

ANALYSIS

A.    PRP PRINCIPLES

We will grant appropriate relief when a petitioner establishes that they are under unlawful restraint. RAP 16.4(a)-(c). To prevail in a PRP, a petitioner must establish by a preponderance of the evidence (1) a constitutional error that resulted in actual and substantial prejudice or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018).

In general, a petitioner must file a PRP within one year after a trial court judgment becomes final if the judgment and sentence is "valid on its face." RCW 10.73.090(1). If the judgment and sentence is invalid on its face, the one-year time bar does not apply. *In re Pers. Restraint of Sylvester*, 24 Wn. App. 2d 769, 774, 520 P.3d 1123 (2022). A judgment and sentence is facially invalid where the trial court's sentence has exceeded its substantive or statutory authority. *State v. Fletcher*, 19 Wn. App. 2d 566, 573, 497 P.3d 886 (2021).

The face of the judgment and sentence is not necessarily limited to the four corners of the document. *In re Pers. Restraint of Dove*, 196 Wn. App. 148, 156, 381 P.3d 1280 (2016). When the judgment is based on a guilty plea, the "face" of the judgment includes those documents signed as part of the plea agreement. *State v. Webb*, 183 Wn. App. 242, 250, 333 P.3d 470 (2014).

5

If a PRP raises one or more claims that fall within one of the statutory exceptions in RCW 10.73.100 but also raises one or more claims that are time barred, the PRP is a "mixed petition" that must be dismissed. *In re Pers. Restraint of Young*, 21 Wn. App. 2d 826, 830, 508 P.3d 687 (2022). However, this rule does not bar consideration of claims that allege that the judgment and sentence is facially invalid. *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 632, 520 P.3d 933 (2022).

B.      AGGRAVATED MURDER CONVICTIONS

Drum claims that his aggravated first degree murder convictions were unlawful because the trial court dismissed the "aggravators" in the charging document. Drum argues this claim is not time barred under RCW 10.73.090 because the dismissal provision renders the judgment and sentence invalid on its face. We conclude that the trial court did not dismiss the aggravating circumstances supporting the aggravated murder convictions. Therefore, the judgment and sentence is not invalid on its face and Drum's claim is untimely.

It is evident on the face of the judgment and sentence that the trial court intended to convict and sentence Drum for aggravated first degree murder. In his guilty plea form, Drum acknowledged that he was pleading guilty to aggravated first degree murder, which would result in imprisonment for life without the possibility of parole. He also acknowledged the elements of aggravated first degree murder. Drum's guilty plea to these elements was supported by the probable cause statement, which he adopted. The judgment and sentence convicted Drum of aggravated first degree murder and sentenced him to life in prison without parole.

In this context, it makes no sense to interpret the dismissal of the "aggravators in the charging document" as referring to the aggravating circumstances supporting the aggravated first

6

degree murder conviction. Instead, that provision clearly refers to the firearm sentencing enhancement for Drum's first degree burglary conviction. This meaning is consistent with Drum's sentence for first degree burglary, which did not include the mandatory 60 months for the firearm enhancement. The use of the word "aggravators" instead of "enhancement" appears to be a clerical error.[1]

Because the trial court did not dismiss the aggravating circumstances supporting Drum's aggravated first degree murder convictions, those convictions are not unlawful. Therefore, the judgment and sentence is not invalid on its face.[2]

Accordingly, we conclude that Drum's claim regarding his aggravated first degree murder convictions is time barred and must be dismissed.

C.      IMPOSITION OF COMMUNITY CUSTODY

Drum argues, and the State concedes, that the trial court erred in imposing community custody for unlawful possession of a firearm. We agree.

Under RCW 9.94A.701, a person convicted of unlawful possession of a firearm is not required to serve community custody unless the offender is a criminal street gang member or associate. There is no finding in the judgment and sentence that Drum was a member or associate of a criminal street gang. In fact, the box next to the clause indicating the defendant's

---

[1] Although we may not be able to rely on the report of proceedings to determine facial validity, we note that this interpretation is supported by the colloquy between the prosecutor and the trial court at the guilty pleas hearing. The prosecutor offered to dismiss the "firearm aggravators" in the charging document.

[2] Drum also argues that this claim is not time barred under RCW 10.73.100 because the error unconstitutionally violated his due process rights. But because the trial court did not dismiss the aggravating circumstances supporting Drum's aggravated first degree convictions, there was no due process violation.

membership or association with a criminal street gang was unchecked. Therefore, it is evident from the face of the judgment and sentence that the trial court erred in imposing community custody for Drum's unlawful possession of a firearm conviction.

The judgment and sentence is invalid on its face because the trial court did not have the authority to impose community custody for Drum's unlawful possession of a firearm conviction. Therefore, as the State concedes, the one-year time bar does not apply to this claim. *Sylvester*, 24 Wn. App. 2d at 774. Nor does the mixed petition rule. *Williams*, 200 Wn.2d at 632. And by conceding that this error warrants relief, the State concedes that this error is a fundamental defect resulting in a miscarriage of justice.

We hold that on remand, the trial court must strike the imposition of community custody for the unlawful possession of a firearm conviction.

D.      SUBSTANCE ABUSE EVALUATION REQUIREMENT

Drum argues, and the State concedes, that the trial court erred in ordering him to undergo an evaluation for substance abuse treatment. We agree.

Under former RCW 9.94A.607(1) (1999), the trial court had the authority to order substance abuse evaluation and treatment where the court finds "that the offender has a chemical dependency that has contributed to his or her offense." There is no finding in the judgment and sentence that Drum has a chemical dependency that contributed to his offense. In fact, the box next to the clause of the judgment and sentence that stated "[t]he defendant has a chemical dependency that has contributed to the offense(s)" was unchecked. Am. Pet., Attach. B, at 2. Therefore, it is evident on the face of the judgment and sentence that the trial court erred in requiring Drum to undergo substance abuse evaluation and treatment.

No. 57006-8-II

The judgment and sentence is invalid on its face because the trial court did not have the authority to require Drum to undergo substance abuse evaluation and treatment. Therefore, as the State concedes, the one-year time bar does not apply to this claim. *Sylvester*, 24 Wn. App. 2d at 774. Nor does the mixed petition rule. *Williams*, 200 Wn.2d at 632. And by conceding that this error warrants relief, the State concedes that this error is a fundamental defect resulting in a miscarriage of justice.

We hold that on remand, the trial court must strike the requirement that Drum undergo an evaluation for substance abuse treatment.

CONCLUSION

We grant Drum's petition in part and dismiss in part and remand to the trial court to strike imposition of community custody for the unlawful possession of a firearm conviction and the requirement of a substance abuse evaluation from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, C.J.

CHE, J.

9